IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>LANCE CLAYTON PETERSEN<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:11-CR-0116<br><br>Judge Clark Waddoups |

Before the court is the United States' motion to reconsider (Dkt. No. 52) this court's May 22, 2012 memorandum decision and order (Dkt. No. 48) suppressing several pieces of evidence found in a search of Defendant's vehicle. Defendant filed a memorandum opposing reconsideration of the court's previous ruling on July 2, 2012 (Dkt. No. 53). Having thoroughly reviewed the briefs of the parties, the court determines that there is no need to hear oral arguments on this matter.

A motion for reconsideration may be granted when (1) there is an intervening change in controlling law; (2) new evidence becomes available; or (3) there is a need to correct clear error or to prevent manifest injustice. *See Brunmark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration should not be used to "reargue an issue already addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The United States argues that the court should reconsider its previous order to correct a clear error of law. According to the government, the court's previous decision misinterpreted Utah law when it concluded that there was no probable cause for the arrest of Defendant. Specifically, the government argues that the court mistakenly concluded that there was no probable cause that Defendant committed a burglary.

The United States raised the issue of probable cause for burglary in its prior briefing, but there was no evidence presented to the court that the officers that detained Defendant believed he had committed a burglary. Furthermore, the court indicated in its prior decision that the officers did not have probable cause to arrest Defendant for burglary, because the government did not present evidence that he entered or remained in the building unlawfully. *See* Mem. Dec. and Order 9 n.2 (Dkt. No. 48.)

After thoroughly reviewing the arguments for reconsideration presented by the United States, the court concludes that there is no clear error of law in its May 22, 2012 decision. The United States' motion to reconsider (Dkt. No. 52) is hereby DENIED.

DATED this 10th day of July, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge